UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRANDON TRAVIS, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No. 1:22-CV-10823 <br> ) |
| HUB PARKING TECHNOLOGY USA, INC. | ) <br> ) <br> ) |
| Defendant. | ) <br> ) <br> ) |

**NOTICE OF REMOVAL**

**TO:**  The Honorable Judges of the United States District Court for the District of Massachusetts:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant HUB Parking Technology USA, Inc. ("Defendant" or "HUB Parking"), hereby gives notice of removal to this Court of the above-captioned Civil Action, originally filed in the Plymouth County Superior Court, Civil Action No. 2283CV00329, on May 9, 2022. In support of removal, HUB Parking states as follows:

1. <u>Timeliness of Removal</u>.  This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) in that the Summons and Complaint in this action were served on Defendant on May 11, 2022. This Notice of Removal is being filed within thirty (30) days of the date on which Defendant was served with a copy of the Complaint.  There are no other named defendants requiring consent to removal.

2. <u>Venue</u>.  Venue for this lawsuit is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1391(a).

    a.   The Plymouth County Superior Court in which the Civil Action is pending

is located within the District of Massachusetts.  28 U.S.C. § 1441(a).

3. <u>State Court Documents</u>.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders received by and filed by Defendant, which papers include the Summons and Order of Notice, Complaint, Civil Action Cover Sheet, Plaintiff's Emergency Motion for Equitable Relief, with Memorandum in Support and Plaintiff's Affidavit, Plaintiff's Motion for Short Order of Notice, Plaintiff's Motion for Appointment of Special Process Server, Notice of Appearance of Burhan H. Mahmud for Plaintiff, Defendant's Emergency Motion to Continue Hearing, Endorsement on Motion to Continue Hearing, and Return of Service for Defendant are attached hereto as **Exhibit A**. As of the date of this removal, the only pending motion in the state court is Plaintiff's Emergency Motion for Equitable Relief on June 7, 2022 at 2:00 P.M.

4. <u>Diversity of Jurisdiction</u>.  This Court has original jurisdiction of this action under U.S.C. § 1332 and therefore this action is removable to this Court pursuant to 28 U.S.C. § 1441. Based on the allegations contained in Plaintiff's Complaint[1], the Civil Action may be removed to this Court by Defendant on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a), as explained below.  Title 28, United States Code, § 1332(a) provides, *inter alia*, as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
> (1) Citizens of different States;
> ….

a. The parties to this action are completely diverse.  Specifically, the Plaintiff is a resident of Whitman, Massachusetts. *See* Complaint at ¶ 5. Defendant HUB Parking is a

---

[1] Plaintiff's Complaint alleges violation of M.G.L. c. 175M, § (the Massachusetts Paid Family Leave Act ("PFML"). It also hints that claims under M.G.L. c. 151B may be added, though footnote 1 to the Complaint references an individual other than the Plaintiff.

Pennsylvania corporation with a principal place of business in Warrendale, Pennsylvania. *See* Complaint at ¶ 2.

        b.     A reasonable reading of the Complaint reveals that the amount in controversy exceeds $75,000 exclusive of interest and costs. The Plaintiff's Civil Action Cover Sheet lists contract claims of "$75,000", but a deeper review of Plaintiff's Complaint indicates that if his claims are successful, his damages will exceed $75,000, as his requests for relief under the PFML supporting a finding that the amount in controversy exceeds the sum of $75,000.00. Plaintiff seeks an order requiring he be reinstated to the same or equal position with HUB Parking, back wages from the date of termination until the date he is reinstated, and treble damages, reasonable attorney's fees, costs, and interest. *See* Complaint at "Prayers for Relief." "Usually, a court decides the amount in controversy from the face of the complaint, 'unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith.'" *Huston v. FLS Language Centres*, 18 F. Supp. 3d 17, 22 (D. Mass. 2014) (Saylor, J.), *citing Coventry Sewage Associates v. Dworkin Realty Co.,* 71 F.3d 1, 4 (1st Cir.1995)., *quoting Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353 (1961).

5.     After the filing of this Notice of Removal with this Court, (a) written notice of the filing of this Notice will be given by the attorneys for Defendant to Plaintiff, (b) a certified copy of this Notice of Removal will be filed with the clerk of the Plymouth County Superior Court, and (c) certified copies of all pleadings on file in said Plymouth County Superior Court will be filed with this Court within twenty-eight (28) days. *See* L.R. 81.1(a).

6.     Defendant understands its obligation to file an answer or to present other defenses or objections available under Federal Rules of Civil Procedure within seven (7) days after the filing of this Notice of Removal, unless some later date applies. *See* Fed. R. Civ. P. 81(c)(2)(C).

7. By filing this Notice of Removal, Defendant is not making a general appearance, and do not waive their right to raise any defense or grounds for dismissal pursuant to Fed. R. Civ. P. 12, or otherwise.

8. Defendant has good and sufficient defenses to Plaintiff's claims in this Civil Action.

9. Other than documents annexed hereto as **Exhibit A**, the Defendant has not received any other pleadings, orders, or materials regarding this matter.

10. No previous application for the relief sought herein has been made to this or any other court.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the United States District Court for the District of Massachusetts accept this Notice of Removal, that it assume jurisdiction over this lawsuit, and that it issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof.

Respectfully submitted,
**The Defendant,**

**HUB PARKING TECHNOLOGY USA, INC.**

By its attorney,

*/s/ Daniel R. Sonneborn*
Daniel R. Sonneborn, BBO #679229
Preti Flaherty Beliveau & Pachios LLP
60 State Street, Suite 1100
Boston, MA 02109
(p) (617) 226-3800
(f) (617) 226-3801
dsonneborn@preti.com

Dated: May 31, 2022

19081874.1

## CERTIFICATE OF SERVICE

      I, Daniel R. Sonneborn, counsel for Defendant, HUB Parking Technology USA, Inc., do hereby certify that on this 31st day of May, 2022, I caused true and correct copies of the foregoing *Notice of Removal* to be served upon counsel of record for all parties through the Court's CM/ECF system, and not all non-registered participants by e-mail, and first-class mail, postage prepaid, addressed as follows:

John W. Davis, Esq.
Burhan Mahmud, Esq.
Davis & Davis, P.C.
352 Park Street
North Reading, MA  01864
jdavis@davisanddavispc.com
bmahmud@davisanddavispc.com

                                      */s/ Daniel R. Sonneborn*
                                      Daniel R. Sonneborn

19081874.1